**Donald E. DAWSON, Petitioner–Appellant,**

v.

**John MARSHALL, Respondent–Appellee.**

**No. 06–56454.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 17, 2008.

Filed Feb. 9, 2009.

Peter Afrasiabi, Turner Green Afrasiabi & Arledge LLP, Costa Mesa, CA, Donald E. Dawson, San Luis Obispo, CA, for Petitioner–Appellant.

Heather M. Heckler, Esquire, Deputy Assistant Attorney General, Jennifer Anne Neill, Supervising Deputy Attorney General, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

---

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM *

California state prisoner Donald E. Dawson appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2254. We review de novo a district court's decision to deny a § 2254 petition, *McQuillion v. Duncan*, 306 F.3d 895, 899 (9th Cir.2002), and we affirm.[1]

Appellees contend that we lack jurisdiction because there is no federally protected interest in parole release in California, and thus that Dawson has failed to state a federal claim. This contention is foreclosed. *See Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127–28 (9th Cir. 2006).

Dawson contends that the California Board of Prison Terms' (the "Board") 2001 decision to deny him parole violated his due process rights. We disagree. Dawson was afforded an opportunity to be heard and received a statement of reasons why his parole was denied. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 14–16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Furthermore, some evidence supports the Board's decision to deny parole. *See Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Irons v. Carey*, 505

F.3d 846, 851–52 (9th Cir.2007); *Sass*, 461 F.3d at 1128–29. Accordingly, Dawson has failed to demonstrate that the state court's decision denying this claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," or "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *see also Hill*, 472 U.S. at 454–56, 105 S.Ct. 2768.

Finally, we need not address Dawson's remaining claims because we conclude that the Board relied on more than unchanging factors in denying parole and that these additional reasons are supported by some evidence. *See Sass*, 461 F.3d at 1129.

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In a concurrently filed opinion, we address Dawson's contention that it violated his due process rights when the district judge who decided his case was previously the magistrate judge whose recommendations were subject to de novo review. *Dawson v. Marshall*, 06–56454, (9th Cir. ___ ___, 2009). The facts of the case are recited there; we need not repeat them here.