**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DONALD E. DAWSON,
        *Petitioner-Appellant,*

        v.

JOHN MARSHALL,
        *Respondent-Appellee.*

No. 06-56454

D.C. No.
CV-04-00431-SGL

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Argued and Submitted
December 17, 2008—Pasadena, California

Filed February 9, 2009
Amended March 6, 2009

Before: Cynthia Holcomb Hall, Diarmuid F. O'Scannlain,
and Richard A. Paez, Circuit Judges.

Opinion by Judge O'Scannlain

## COUNSEL

Peter R. Afrasiabi, Turner Green LLP, Costa Mesa, California, argued the cause for the appellant and filed the briefs.

Heather M. Heckler, Deputy Attorney General for the State of California, Sacramento, California, argued the cause for the appellee and filed the brief. Edmund G. Brown, Jr., Attorney General of the State of California; Dane R. Gillette, Chief Assistant Attorney General; Julie L. Garland, Senior Assistant Attorney General; and Jennifer A. Neill, Supervising Deputy Attorney General; were also on the brief.

## ORDER

The opinion filed on February 9, 2009, is amended as follows:

At page 1463 of the slip opinion, line 8, after the sentence concluding " 'findings or recommendations to which objection is made,' " insert a footnote 2, reading <We note that review by a district judge of a magistrate judge's findings or recommendations is not the same thing as review by an appellate judge of a trial judge's judgment. Magistrate and district judges are both judges at the trial, rather than appellate level, so that a district judge does not hear an "appeal" from

"judgments" of a magistrate judge. The rule governing appellate review of trial courts is simple and absolute. "No judge shall hear or determine an appeal from the decision of a case or issue tried by him." 28 U.S.C. § 47. Nothing in our opinion affects or changes that rule.>

Future petitions for rehearing will not be entertained.

It is so ORDERED.

---

## OPINION

O'SCANNLAIN, Circuit Judge:

May an Article III judge decide a habeas petition on which he had issued findings and recommendations in his prior capacity as a magistrate judge?

I

Donald Dawson is serving a term of 26 years to life for the first degree murder of his ex-wife in the mid-1980s. In July of 2001, Dawson sought parole from the California Board of Paroles, which found him unsuitable. After unsuccessfully petitioning for a writ of habeas corpus in California state court to overturn the board's denial, Dawson filed a habeas petition in the Central District of California pursuant to 28 U.S.C. § 2254.

In 2005, then-Magistrate Judge Stephen Larson issued a Report and Recommendation ("R&R") in Dawson's habeas case, recommending denial. Dawson filed objections and sought review before the assigned district judge under 28 U.S.C. § 636. The following year, Judge Larson was commissioned by President George W. Bush as a United States District Judge for the Central District of California and was

reassigned Dawson's case in his new capacity. In August of 2006, now-District Judge Larson issued an order and judgment dismissing Dawson's petition. In that order, Judge Larson did not adopt the R&R he had written as a magistrate judge, but rather issued a separate 18-page order in which he did not reference his previous R&R.

Dawson appealed, and ultimately we issued a memorandum disposition affirming the denial of Dawson's habeas petition. Dawson then petitioned for panel rehearing. We granted rehearing and invited additional briefing on whether Judge Larson's role as both magistrate judge and district judge warrants reversal and reassignment of the case to another district judge. By separate order, we have withdrawn our earlier memorandum disposition, which we replace with this opinion.[1]

II

**[1]** Section 636 outlines the jurisdiction, powers, and temporary assignments of magistrate judges. The statute permits, but does not require, a district judge to designate a magistrate judge to submit proposed findings or recommendations for the disposition of a case. If that happens, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make *a de novo determination* of those portions of the report or specified proposed findings or recommendations to which objection is made."[2] 28 U.S.C. § 636(b)(1)(C) (emphasis added).

---

[1]In a concurrently filed memorandum disposition, we address Dawson's additional challenges to the district court's decision. *See Dawson v. Marshall,* No. 06-56454 (9th Cir. Feb. 9, 2009).

[2]We note that review by a district judge of a magistrate judge's findings or recommendations is not the same thing as review by an appellate judge of a trial judge's judgment. Magistrate and district judges are both judges at the trial, rather than appellate level, so that a district judge does not hear an "appeal" from "judgments" of a magistrate judge. The rule governing appellate review of trial courts is simple and absolute. "No judge shall hear or determine an appeal from the decision of a case or issue tried by him." 28 U.S.C. § 47. Nothing in our opinion affects or changes that rule.

**[2]** Thus, even though the district judge need not refer a case to a magistrate judge, *see id.* § 636(b)(1)(B) (stating a [district] judge "may" designate a magistrate judge to submit a proposed findings and recommendation to the district judge), once he does and once there is a proper objection, the district judge "shall make a de novo determination," *id.* § 636(b)(1)(C). As we said of this statute in a related context, "[b]y utilizing the words 'shall' and 'may' in consecutive sentences, Congress clearly indicated that district courts are required to make a de novo determination of the portions of the magistrate judge's report to which a party objects." *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000). So, too, with the use of 'shall' and 'may' in close proximity. Read this way, § 636 straightforwardly balances judicial efficiency and due process. *See Roell v. Withrow*, 538 U.S. 580, 588-89 (2003) (internal quotation marks and citations omitted) ("In giving magistrate judges case-dispositive civil authority, Congress hoped to relieve the district courts' mounting queue of civil cases and thereby improve access to the courts for all groups. At the same time, though, Congress meant to preserve a litigant's right to insist on trial before an Article III district judge insulated from interference with his obligation to ignore everything but the merits of a case.").

## III

Dawson argues that the district court violated the requirement of § 636 that it make a "de novo determination" of the magistrate judge's recommendations. The meaning of de novo review, according to Dawson, precludes the de novo reviewer —the district judge—from being the same person as the one whose work is being reviewed—the magistrate judge. This denial of full de novo review, he adds, amounts to a denial of his right to have an Article III judge hear his case.

### A

**[3]** De novo review means that the reviewing court "do[es] not defer to the lower court's ruling but freely consider[s] the

matter anew, as if no decision had been rendered below." *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). Dawson argues that Judge Larson could not have performed such a review because no one can consider anew one's own work. He cites no authority for this proposition. We have never suggested such an exacting psychological precision, although, of course, a situation like the one before us is rare. Nor does the statutory language require that the magistrate judge and the district judge be different people.

**[4]** Dawson would have us draw an analogy between the respective roles of the magistrate and the district judge and the roles of an associate and partner in a law firm. Just as an associate may not be as thorough and careful as the partner would be because he knows that the partner must make the final decision, Dawson urges, so the magistrate judge's analysis is not complete because he leans on the backstop of the district judge. But even if we accepted the analogy, it would cut the other way. That is, it explains why the same person would perform a different kind of review in his capacity as a district judge than he did as a magistrate judge, despite his familiarity with the case. Indeed, in this case District Judge Larson did not simply adopt his previous R&R, but produced a separate, 18-page opinion.

B

**[5]** As far as the strictures of the Constitution are concerned, the crucial fact is that an Article III judge reviewed the case and rendered judgment. As the government points out, reference to a magistrate judge is entirely discretionary. *See* 28 U.S.C. § 636(b)(1)(A)-(B) ("a judge *may* designate" (emphasis added)). The litigant has no right to a magistrate judge but only to an Article III judge. *See Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986) ("Article III . . . safeguard[s] litigants' right to have claims decided before judges who are free from potential domination by other

branches of government." (internal quotation marks and citation omitted)).

**[6]** Thus, this case is substantively indistinguishable from the situation in which no magistrate judge ever made recommendations, but instead the case remained with the district judge for disposition, without the magistrate judge's R&R. The latter case, of course, would pose no problem. The only difference here is the depth of Judge Larson's pre-existing familiarity with the case.

## C

**[7]** Although Judge Larson's role in this case violated no law and denied Dawson no right, the practice of district judges reviewing cases on which they previously sat as magistrate judges is not desirable. Although Judge Larson's role in this case was proper, there is a problem of appearances. Therefore, in our supervisory capacity over the district courts of this Circuit, we suggest that district courts avoid assigning new district judges to cases they handled as magistrates. *See Thomas v. Arn*, 474 U.S. 140, 146-47 (1985) ("[The Supreme] Court has acknowledged the power of the courts of appeals to mandate procedures deemed desirable from the viewpoint of sound judicial practice although in nowise commanded by statute or by the Constitution." (internal quotation marks omitted)); *United States v. Rubio-Villareal*, 967 F.2d 294, 298, (9th Cir. 1992) ("In prescribing a rule applicable only to the conduct of personnel within the judicial branch, we act in a sphere where the scope of our supervisory power is at its apex." (internal quotation marks omitted)).

## IV

For the foregoing reasons, the district court's dismissal of Dawson's habeas petition is

**AFFIRMED.**