

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10227 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00562-EJG-6 |
| v. | |
| JOSE ANTONIO OJEDA CABADA, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10262 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00562-EJG-9 |
| v. | |
| JOSE GONZALEZ ARIAS, AKA Cesar Castro Favela, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10327 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00562-EJG-5 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

VICTOR MANUEL MARTINEZ,

    Defendant - Appellant.

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS ALFONZO BARRAZA
BARRAZA,

    Defendant - Appellant.

No. 11-10328

D.C. No. 2:08-cr-00562-EJG-12

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, Senior District Judge, Presiding

Argued and Submitted November 17, 2014
San Francisco, California

Before: NOONAN and IKUTA, Circuit Judges, and DANIEL, Senior District
Judge.[**]

    Jose Arias, Jesus Barraza, Jose Cabada, and Victor Martinez ("Appellants")

appeal their jury convictions for narcotics-related offenses.  We have jurisdiction

under 28 U.S.C. § 1291.  We affirm in part and reverse and remand in part.

---

[**]    The Honorable Wiley Y. Daniel, Senior District Judge for the U.S.
District Court for Colorado, sitting by designation.

We review for abuse of discretion the district court's denial of Appellants' motion to recuse or reassign the trial judge, who previously issued wiretap orders in their case. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). We conclude that the district court did not abuse its discretion. There are no facts indicating the trial judge's bias. *See United States v. Azhocar*, 581 F.2d 735, 739-40 (9th Cir. 1978).

We review de novo Appellants' argument that the Eastern District of California's policy of assigning criminal cases to the judge who was randomly assigned to authorize the underlying wiretaps violates their Fifth Amendment due process right. *See In re Marshall*, 721 F.3d 1032, 1039 (9th Cir. 2006). We conclude that the Eastern District's policy does not violate due process. Appellants did not offer any facts suggesting that the government's advance knowledge of the judge's identity would influence against whom and which charges it files. The district court's review of its earlier wiretap authorization is also not an "appeal" under 28 U.S.C. § 47. *Cf. Dawson v. Marshall*, 561 F.3d 930, 932 n.2 (9th Cir. 2009).

Appellants did not object to the alleged improper prosecutorial statements at trial. Thus, we review them for plain error. *See United States v. Dorsey*, 677 F.3d 944, 953 (9th Cir. 2012). We conclude that there was no vouching or improper

testimony in this case. Whether considered separately or cumulatively, we conclude that the alleged vouching statements do not necessitate reversal.

We review for abuse of discretion the district court's denial of Appellants' motion for a mistrial. *See United States v. Pineda–Doval*, 614 F.3d 1019, 1036 (9th Cir. 2010). The district court did not abuse its discretion because it reasonably inquired into the facts surrounding the alleged threat, and after concluding that the incident was unrelated to the case or any of the defendants, interviewed each juror to evaluate whether he or she could proceed fairly and impartially. The district court's conclusion, based on each juror's comments and demeanor, that every juror could make a fair and impartial decision deserves substantial weight. *See United States v. Stinson*, 647 F.3d 1196, 1216 (9th Cir. 2011).

We review for abuse of discretion the district court's decision to not replace Jurors 7 and 11. *See United States v. Alexander*, 48 F.3d 1477, 1485 (1995). We conclude that the district court did not abuse its discretion because it conducted an in-depth in camera interview of each juror to ensure the alleged threat did not affect either juror's judgment or impartiality.

We review Barraza's and Martinez's claims of insufficient evidence for plain error because the Fed. R. Crim. P. 29 motion was not renewed at the close of all evidence or in a written post-trial motion. *See United States v. Gonzalez,* 528

F.3d 1207, 1210-11 (9th Cir. 2008). We consider whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

As to Barraza, we conclude that a rational jury could find beyond a reasonable doubt the elements of a drug conspiracy based on the testimony of an inside informant, and a cooperating defendant, as well as intercepted phone calls, corroborating his role in the drug trafficking organization. *See United States v. Reed*, 575 F.3d 900, 923 (9th Cir. 2009).

As to Martinez, we conclude that a rational jury could infer based on circumstantial evidence of his work as a mechanic that he knew about the conspiracy and knowingly helped further it. *See United States v. Duenas*, 691 F.3d 1070, 1085 (9th Cir. 2012). We also conclude that the intercepted phone calls and evidence seized on November 6, 2008 support Martinez's conviction for possession with intent to distribute based on either (1) a co-conspirator liability or (2) aiding and abetting. *See United States v. Tran*, 568 F.3d 1156, 1167 (9th Cir. 2009); *United States v. Moreland*, 622 F.3d 1147, 1169 (9th Cir. 2010); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1263 (9th Cir. 1998). Lastly, we

conclude that the November 6, 2008 telephone conversation was sufficient evidence upon which a rational jury could find that Martinez knowingly or intentionally used a communication facility to aid the commission of a narcotics offense. *See United States v. Mincoff*, 574 F.3d 1186, 1195 (9th Cir. 2009).

The parties agree that Arias's 20-year sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *See United States v. Doe*, 149 F.3d 945, 948 (9th Cir. 1998). We vacate Arias's sentence and remand for re-sentencing subject to the 10-year mandatory minimum (for conspiracy to distribute or possess crack cocaine with a prior felony drug conviction) and the sentencing guideline range of 188 to 235 months. *See* 21 U.S.C. § 841(b)(1)(B).

Accordingly, we **AFFIRM in part**, and we **VACATE** Arias's sentence and **REMAND** for re-sentencing. Each party shall bear its own costs.