FILED

APR 11 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                              )   BAP No. CC-15-1240-DTaKu
                                    )   BAP No. CC-15-1272-DTaKu
YOUNG SAM LEE,                      )   (Related Appeals)
                                    )
              Debtor.               )   Bk. No. 2:14-bk-26377-SK
_____)
                                    )   Adv. No. 2:15-ap-01140-SK
YOUNG SAM LEE,                      )
                                    )
              Appellant,            )
                                    )
v.                                  )   **M E M O R A N D U M**[1]
                                    )
THE BANK OF NEW YORK MELLON         )
fka The Bank of New York, as        )
Trustee for CWMBS, INC.,            )
CWMBS, INC.; CHL MORTGAGE           )
PASS-THROUGH TRUST 2007-HY5,        )
MORTGAGE PASS-THROUGH               )
CERTIFICATES, SERIES 2007-          )
HY5,                                )
                                    )
              Appellees.            )
_____)

Submitted Without Oral Argument
on March 17, 2016

Filed - April 11, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sandra Klein, Bankruptcy Judge, Presiding.

Appearances:     Appellant Young Sam Lee, pro se on brief; Nichole
                 Glowin of Wright Finlay & Zak, LLP on brief for
                 appellee.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Before:  DUNN, TAYLOR, and KURTZ, Bankruptcy Judges.

After The Bank of New York Mellon fka The Bank of New York, as Trustee for CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-HY5, Mortgage Pass-Through Certificates, Series 2007-HY5 ("Bank") recorded a Notice of Default and Election to Sell Under Deed of Trust ("Default Notice") with respect to real property in Fullerton, California ("Fullerton Property"), Young Sam Lee obtained a 10% interest in the Fullerton Property.  The Bank thereafter recorded a Notice of Trustee's Sale ("Foreclosure Notice").  Approximately one week before the scheduled Trustee's Sale ("Foreclosure Sale"), Mr. Lee filed a chapter 13 petition ("Petition") and scheduled an interest in the Fullerton Property.

On the Bank's motion, the bankruptcy court granted relief from stay as to the Fullerton Property.  It then denied Mr. Lee's subsequent motion for reconsideration ("Reconsideration Motion").

Mr. Lee filed an adversary proceeding ("Adversary Proceeding") seeking to enjoin the Bank from foreclosing on the Fullerton Property.  The bankruptcy court dismissed the Adversary Proceeding with prejudice and denied Mr. Lee's motion for reconsideration ("AP Reconsideration Motion").

We AFFIRM.

## I.  FACTUAL BACKGROUND

On June 12, 2007, Doo M. Ko executed a Fixed/Adjustable Rate Note ("Note"), pursuant to which he borrowed $855,200 from Countrywide Bank, FSB ("Countrywide").  The Note was secured by a Deed of Trust executed the same date in favor of Countrywide. The Bank obtained the Note and Trust Deed pursuant to a Corporation Assignment of Deed of Trust executed by Mortgage

Electronic Registration Systems, Inc. ("MERS") and recorded on January 31, 2011 and the corrective Assignment of Deed of Trust recorded on May 6, 2014 (collectively, "Assignment").

The Bank recorded the Default Notice on May 6, 2014, at which time payments on the Note were in default in the amount of $400,245.02. On June 2, 2014, Mr. Ko recorded a Grant Deed ("Grant Deed"), pursuant to which he transferred a 10% interest in the Fullerton Property to Mr. Lee, to be held with Mr. Ko as a Tenancy in Common.[2] The Bank recorded the Foreclosure Notice on August 5, 2014, for the Foreclosure Sale to be held September 3, 2014, based upon the unpaid balance of the Note in the amount of $1,297,501.17.

Mr. Lee filed his chapter 13 Petition on August 26, 2014, together with his initial Schedule A - Real Property ("Initial Schedule A"), in which he listed his interests in real property. Notably absent from the Initial Schedule A was the Fullerton Property. Over a six-week period, Mr. Lee filed numerous amendments to his Schedule A. The Fullerton Property first was included in Mr. Lee's Schedule A on September 23, 2014 ("September Schedule A"),[3] but a subsequent amendment to Schedule A on October 15, 2014 ("October Schedule A") omitted the Fullerton Property.

On October 24, 2014, at Mr. Lee's request, the bankruptcy

---

[2] The Grant Deed reflects that prior to the transfer, Mr. Ko held only an 85% interest in the Fullerton Property. There is no explanation in the record regarding who holds or held the remaining 15% interest in the Fullerton Property.

[3] Mr. Lee valued the Fullerton Property at $1 million.

court converted Mr. Lee's bankruptcy case to chapter 7.

BAP No. 15-1240: Relief from Stay Proceedings

On February 25, 2015, the Bank filed a motion ("RFS Motion"), through which the Bank sought relief from the automatic stay under § 362(d)(1), (d)(2) and (d)(4)[4] as to the Fullerton Property, based in part on the transfer of an interest in the Fullerton Property. The RFS Motion included the supporting declaration of Alicia Wood ("Wood Declaration").

Mr. Lee opposed the RFS Motion on two primary grounds.

---

[4] As relevant to this appeal, § 362(d) provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—
(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization;

. . . .

or

(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
(B) multiple bankruptcy filings affecting such real property.

-4-

First, he asserted that whether there was equity in the Fullerton Property was in dispute and could not be determined without an evidentiary hearing. Second, Mr. Lee pointed out that he had filed an adversary proceeding ("Adversary Proceeding") for the purpose of adjudicating the Bank's standing in connection with the Fullerton Property, where the record did not contain evidence that the Note and Trust Deed had been assigned from Countrywide to the Bank.[5] Mr. Lee asserted that the disputes in the Adversary Proceeding had to be adjudicated before the bankruptcy court ruled on the RFS Motion.[6] Mr. Lee filed a declaration in support of his opposition to the RFS Motion in which he averred he had purchased a share of the Fullerton Property, that his bankruptcy case was not frivolous, and that the Wood Declaration was invalid because Ms. Wood had no personal knowledge regarding the Note and Trust Deed.

The bankruptcy court heard the RFS Motion on April 1, 2015, at which time it continued the Hearing to May 6, 2015, to allow the Bank time to file a supplemental declaration in support of the RFS Motion and Mr. Lee time to respond to it.

On April 7, 2015, the Bank filed the supplemental declaration of Ms. Wood ("Supplemental Declaration"). In the Supplemental Declaration, Ms. Wood identifies herself as the Vice President of Residential Credit Solutions, Inc. ("RCS"), the

---

[5] Mr. Lee filed the Adversary Proceeding on the same date he filed his opposition to the RFS Motion.

[6] Mr. Lee also asserted that service of the RFS Motion on him was untimely.

-5-

current loan servicer for the Bank with respect to the Note and Trust Deed. As servicer, RCS had access to the books and records of the Bank as well as its own database of records with respect to the Note and Trust Deed. In the Supplemental Declaration, Ms. Wood averred, based upon her review of the loan records, that MERS, as loan servicer for Countrywide, had recorded an assignment of the Note and Trust Deed to the Bank on January 11, 2011, and that a corrected assignment was recorded on April 5, 2014, to clarify the name of the Bank. Ms. Wood further averred that the loan records reflected the transfer of a 10% interest in the Fullerton Property to Mr. Lee on June 2, 2014, that Mr. Lee thereafter had filed the Petition, that Schedule A filed in the bankruptcy case valued the Fullerton Property at $1 million, that no payment had been made on the Note since 2008, and that, as of February 17, 2015, the balance due and owing was $1,318,609.15, leaving no equity in the Fullerton Property for either Mr. Lee, his bankruptcy estate, or the borrower, Mr. Ko.

Mr. Lee responded that because the Supplemental Declaration was from RCS, it did not comply with the bankruptcy court's order that the "movant," i.e. the Bank, file a supplemental declaration. Mr. Lee characterized the Supplemental Declaration as "evasive, misleading, and deficient," to the extent it purported to "trace the chain of title" for the Fullerton Property, where Ms. Wood prefaced her statements with the phrase "the loan records reflect." Mr. Lee asserted that the recorded deeds provided as evidence through the Supplemental Declaration establish that the Bank never was granted title to the Fullerton Property by a valid grantor, and therefore the Bank had no

-6-

authority to prosecute the RFS Motion.

Mr. Lee then reasserted the argument he had made in his original response, specifically, that the bankruptcy court should not decide the RFS Motion until the Adversary Proceeding had been adjudicated.

Both parties appeared and were given the opportunity to be heard at the continued hearing on the RFS Motion held May 6, 2015. Following the hearing, the bankruptcy court, on May 11, 2015, entered its order granting the RFS Motion pursuant to §§ 362(d)(1), (d)(2) and (d)(4).

Not satisfied with the result, Mr. Lee filed the Reconsideration Motion on May 26, 2015. In the Reconsideration Motion, Mr. Lee raised the same issues he had raised in his response to the Supplemental Declaration: that Ms. Wood was not the proper person to make the Supplemental Declaration, and that the Supplemental Declaration did not establish how the Bank became a successor in interest or beneficiary under the Trust Deed. Mr. Lee asserted that the bankruptcy court was authorized under Civil Rule 59(e), applicable pursuant to Rule 9023, or Civil Rule 60, applicable under Rule 9024, to reconsider its order "when there has been a manifest error of law or fact." Mr. Lee raised as "new facts or arguments" his "discovery or belief that the [bankruptcy court] uses Research Attorneys to assist in making its rulings."

In response, the Bank asserted that Mr. Lee failed to state any "cause" for reconsideration under the standards set forth in Civil Rule 59(e) or Civil Rule 60(b) where the Reconsideration Motion was predicated entirely on Mr. Lee's prior arguments

-7-

already rejected by the bankruptcy court. Mr. Lee's "new" argument that the decision to grant the RFS Motion may have been made by "Research Attorneys" was unfounded where Mr. Lee made his arguments directly to the bankruptcy judge, who then ruled at the conclusion of the hearing. In any event, Mr. Lee provided no explanation as to why this argument was not raised earlier.

A hearing on the Reconsideration Motion was held on July 1, 2015. Prior to the hearing, the bankruptcy court issued a tentative ruling denying the Reconsideration Motion, concluding that because the Reconsideration Motion was filed more than 14 days after the order granting the RFS Motion was entered, only Civil Rule 60(b) was available to afford relief to Mr. Lee. The bankruptcy court then determined that Mr. Lee had not established that he was entitled to relief from the order granting the RFS Motion, because (1) Mr. Lee did not establish that entry of the order granting the RFS Motion was caused by excusable neglect as contemplated by Civil Rule 60(b)(1), (2) Mr. Lee's mere allegation that the bankruptcy court used research attorneys to assist in making judicial rulings did not constitute "newly discovered evidence" as required under Civil Rule 60(b)(2), and (3) Mr. Lee did not identify any manifest injustice or extraordinary circumstances that made it impossible for him to prosecute his opposition to the RFS Motion that might support relief under Civil Rule 60(b)(6).

Following the July 1, 2015 hearing, the bankruptcy court entered its order denying the Reconsideration Motion, and appeal BAP No. 15-1240 followed. Mr. Lee did not make transcripts from the hearings held April 1, May 6, or July 1, 2015 available for

-8-

our review.

On the same date that he filed his response to the RFS Motion, Mr. Lee initiated the Adversary Proceeding. The complaint ("Complaint") named as defendants Countrywide Bank, Inc., Countrywide Financial Corporation, The Bank of New York, The Bank of New York Mellon, and MERS.

In the Complaint, Mr. Lee alleged that he was "at all times mentioned in this complaint" the majority owner of the Fullerton Property, that he was willing and able to tender payment of the Note in an unstated "correct" amount but could not pay the falsified and inflated amount demanded by the defendants, and that he was thereby forced to file the Petition. He alleged the defendants had been provided notice of his pending bankruptcy case. He alleged that unless the defendants were restrained from foreclosing on the Fullerton Property he would suffer immediate, irreparable harm in that the loss of the home would leave him potentially homeless. Finally, Mr. Lee alleged that no valid assignment ever was made by Countrywide to anyone. He specially asserted that the MERS Assignment was invalid because Countrywide Bank had gone out of business many years prior to 2011 and was "in Surrender Status" from 1987 to 2015.

The Bank filed a motion to dismiss the Adversary Proceeding ("Dismissal Motion") on April 16, 2015. In the Dismissal Motion the Bank asserted that Mr. Lee lacked standing to file the Adversary Proceeding. First, Mr. Lee had no standing to challenge the Bank's accounting records or the Assignments, because he was not a party to the Loan, had not executed the Loan

-9-

documents, and was not a party to the Assignment documents. Second, any substantive claim Mr. Lee might have was property of his bankruptcy estate such that the chapter 7 trustee was the real party in interest.

As to the substance of the Complaint, the Bank asserted that Mr. Lee failed to allege a valid tender, a necessary precondition to bring any claim arising from a foreclosure sale. Further, Mr. Lee failed to state a claim upon which relief could be granted under Civil Rule 12(b)(6). The only claim for relief asserted in the Complaint was for an injunction. Under California law, however, injunctive relief is a remedy, not a viable claim. In any event, the Complaint did not allege, let alone establish, the elements necessary for the issuance of an injunction: substantial likelihood of success on the merits, irreparable harm to Mr. Lee, that the potential harm to Mr. Lee outweighed the potential harm to the Bank, or that injunctive relief would not violate public policy.

The Dismissal Motion noticed the matter for hearing to be held on June 10, 2015. Although served with the Dismissal Motion, Mr. Lee did not file a response. He did, however, on June 9, 2015, file his own motion to dismiss ("Lee Motion") in the Adversary Proceeding.[7] The Lee Motion was directed only to the Bank as defendant. It does not appear that the bankruptcy court was aware of the Lee Motion at the time it considered the Dismissal Motion.

---

[7] On the same date, Mr. Lee filed a new adversary proceeding (15-1304-SK) against the Bank again seeking an injunction.

-10-

The bankruptcy court issued a tentative ruling on the Dismissal Motion in advance of the hearing. The bankruptcy court ruled that Mr. Lee lacked standing to prosecute the Adversary Proceeding where he was a stranger to the underlying transaction. Further, even if a claim did exist that could be asserted in the Adversary Proceeding, that claim belonged not to Mr. Lee, but to his bankruptcy estate such that the chapter 7 trustee, not Mr. Lee, would have standing to assert it.

The bankruptcy court noted that although Mr. Lee alleged he could potentially be left homeless if the Bank was allowed to foreclose on the Fullerton Property, he did not allege he lived at the Fullerton Property. Further, Mr. Lee had signed, under penalty of perjury, his Petition, the September Schedule A and the October Schedule A, each of which indicated that his street address was in Los Angeles, not at the Fullerton Property.

The bankruptcy court determined that Mr. Lee's allegation of tender was too little and too speculative, where it indicated neither the amount to cure the default nor that Mr. Lee had the ability to tender that amount to the Bank.

Finally, the bankruptcy court agreed that a request for an injunction is not a claim for relief recognized under California law.

The tentative ruling concluded that (1) the Complaint failed to state a claim upon which relief could be granted, and (2) no purpose would be served by allowing the filing of an amended complaint.

The bankruptcy court held the hearing on the Dismissal Motion on June 10, 2015. The bankruptcy court entered an order

-11-

("Dismissal Order") granting the Dismissal Motion on June 11, 2015, "as to all parties with prejudice." The bankruptcy court never took any action with respect to the Lee Motion.

On June 25, 2015, Mr. Lee filed the AP Reconsideration Motion. The bankruptcy court summarized Mr. Lee's arguments set forth in the AP Reconsideration Motion as follows:[8]

> 1. Lee is informed and believes that the Court uses research attorneys to assist the Court in making judicial rulings;
>
> 2. Lee filed bankruptcy regarding "a property owned 'in part' by him," the Court appointed trustee has failed to protect the estate, the Court has stated that Lee lacks the capacity to sue and protect his estate, and Lee demands that the Court compel the trustee to refile 3/16/15 Complaint or alternatively, to reconsider the [Dismissal Order];
>
> 3. The Bank never specifically described how they became successors in interest or beneficiaries;
>
> 4. Countrywide Bank was the lender but never recorded an assignment of [the Trust Deed], and the assignment of [the Trust Deed] signed by MERS was invalid because Countrywide Bank went out of business many years before 2011;
>
> 5. Countrywide Bank was in surrender status from 1987 to 2015 and any transaction on behalf of Countrywide Bank in 2011 was void; and
>
> 6. Lee would suffer irreparable harm and be prejudiced unless the automatic stay remains in effect and the RFS Motion is denied.

Important for purposes of this appeal, Mr. Lee never raised the issue of the existence of the Lee Motion in the AP Reconsideration Motion.

The Bank's response to the AP Reconsideration Motion was

---

[8] The bankruptcy court observed that the arguments all were effectively the same as those Mr. Lee made, and which were adjudicated, at least twice in proceedings on the RFS Motion.

essentially identical to its response to the Reconsideration Motion. The Bank asserted that (1) Mr. Lee failed to state any "cause" for reconsideration under the standards set forth in Civil Rule 59(e) or Civil Rule 60(b), instead making the same arguments previously rejected in the stay relief proceedings in the main case; and (2) Mr. Lee's "new" argument that the court used "Research Attorneys" in its decision-making process was unfounded and in any event could have been raised earlier.

A hearing on the AP Reconsideration Motion was held on July 29, 2015. Prior to the hearing, the bankruptcy court issued a tentative ruling denying the AP Reconsideration Motion in which the bankruptcy court determined that Mr. Lee had not established that he was entitled to relief from the Dismissal Order under either Civil Rule 59(e) or Civil Rule 60(b). With respect to Civil Rule 60(b), (1) Mr. Lee did not establish that entry of the Dismissal Order was caused by excusable neglect as contemplated by Civil Rule 60(b)(1), (2) Mr. Lee's mere allegation that the bankruptcy court used research attorneys to assist in making judicial rulings did not constitute "newly discovered evidence" as required under Civil Rule 60(b)(2), and (3) Mr. Lee did not identify any manifest injustice or extraordinary circumstances that made it impossible for him to oppose the Dismissal Motion that might support relief under Civil Rule 60(b)(6).

Following the July 29, 2015 hearing, the bankruptcy court entered its order denying the AP Reconsideration Motion, and appeal CC-15-1272 followed. Mr. Lee did not make transcripts from the hearings held June 10 or July 29, 2015 available for our review.

-13-

## II.  JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G), (K) and (O).  We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUES

Whether the bankruptcy court abused its discretion when it denied the Reconsideration Motion.

Whether the bankruptcy court abused its discretion when it granted the RFS Motion.[9]

Whether the bankruptcy court abused its discretion when it denied the AP Reconsideration Motion.

Whether the Bankruptcy Court abused its discretion when it dismissed the Adversary Proceeding without leave to amend.[10]

## IV.  STANDARDS OF REVIEW

We review for an abuse of discretion a denial of a motion for reconsideration.  First Ave. W. Bldg., LLC v. James (In re OneCast Media, Inc.), 439 F.3d 558, 561 (9th Cir. 2006).

---

[9] Although (1) Mr. Lee's Notice of Appeal includes only the order denying the Reconsideration Motion and (2) he explicitly states in his opening brief "Appellant seeks to have the denial Order Motion to Reconsideration [sic] reversed," in light of Mr. Lee's pro se status, we discuss issues relating to the underlying order granting the RFS Motion where his statement of issues asserts the bankruptcy court (a) read section § 362 too narrowly and (b) failed to consider that the Petition was not filed in bad faith.

[10] In his Notice of Appeal Mr. Lee identified the order denying the AP Reconsideration Motion as the order on appeal.  He also inserted the language "Motion to Dismiss Adversary Complaint," suggesting he intended to address the underlying motion.

-14-

We conduct the same review for an order denying a motion for reconsideration, whether the motion for reconsideration is based on Civil Rule 59(e) or Civil Rule 60(b). School District No. 1J v. AC & S, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

We also review an order granting relief from stay and/or in rem relief under § 362(d)(4) for an abuse of discretion. Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer), 405 B.R. 915, 918 (9th Cir. BAP 2009). See also Ellis v. Yu (In re Ellis), 523 B.R. 673, 677 (9th Cir. BAP 2014).

The bankruptcy court's dismissal of an adversary complaint for failure to state a claim under Civil Rule 12(b)(6) is reviewed de novo. Barnes v. Belice (In re Belice), 461 B.R. 564, 572 (9th Cir. BAP 2011). A dismissal without leave to amend is reviewed for abuse of discretion. Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007). See also Rund v. Bank of America Corp. (In re EPD Inv. Co., LLC), 523 B.R. 680, 684 (9th Cir. BAP 2015).

Under the abuse of discretion standard, we reverse only where the bankruptcy court applied an incorrect legal rule or where its application of the law to the facts was illogical, implausible or without support in inferences that may be drawn from the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011), citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009)(en banc).

De novo means that we consider a matter anew, as if no decision previously had been rendered. Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

## V. DISCUSSION

A. Motions for Reconsideration.

The Civil Rules do not recognize motions for "reconsideration." Captain Blythers, Inc. v. Thompson (In re Captain Blythers, Inc.), 311 B.R. 530, 539 (9th Cir. BAP 2004). Instead, the Civil Rules provide two avenues through which a party may obtain post-judgment relief: (1) a motion to alter or amend judgment under Civil Rule 59(e), applicable to bankruptcy proceedings under Rule 9023, and (2) a motion for relief from judgment under Civil Rule 60, applicable to bankruptcy proceedings under Rule 9024.

When a party files a motion for reconsideration within 14 days after the entry of judgment, the motion is treated as a motion to alter or amend judgment under Civil Rule 59(e). Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001)(citation omitted). Rule 59(e) allows for reconsideration if the bankruptcy court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual circumstances warranting reconsideration." School District No. 1J v. AC & S, Inc., 5 F.3d at 1263 (internal citation omitted).

A motion for reconsideration filed more than 14 days following the entry of a judgment is treated as a motion for relief from a judgment or order under Rule 60(b). Id. As relevant to the appeals before us, Civil Rule 60(b) allows for reconsideration "only upon a showing of (1) mistake, surprise, or

-16-

excusable neglect; (2) newly discovered evidence; . . . or (6) extraordinary circumstances which would justify relief."

Finally, a party may not use a motion for reconsideration "to present a new legal theory for the first time or to raise legal arguments which could have been raised in connection with the original motion . . . [or] to rehash the same arguments presented the first time or simply to express the opinion that the court was wrong." Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.), 344 B.R. 94, 104 (9th Cir. BAP 2006), aff'd and remanded, 277 F.3d App'x 718 (9th Cir. 2006)(internal citations omitted).

With these parameters in mind, we review the bankruptcy court's denial of the Reconsideration Motion and the AP Reconsideration Motion.

1. The bankruptcy court did not abuse its discretion in denying the Reconsideration Motion under Civil Rule 60(b).

Civil Rule 60(b)(1).

As correctly recognized by the bankruptcy court, Civil Rule 60(b)(1) authorizes relief from a final order, the entry of which resulted from "excusable neglect." The bankruptcy court also correctly identified the legal rules to apply in making the determination whether a party's neglect was "excusable." See Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993); Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000). However, the Reconsideration Motion did not raise an issue under Civil Rule 60(b)(1) that the bankruptcy court was required to decide. Nowhere in the Reconsideration Motion does Mr. Lee assert that his neglect on any point resulted

-17-

in the entry of the order granting the RFS Motion. In these circumstances, the bankruptcy court's determination that Mr. Lee had not met the standards for demonstrating excusable neglect, while not necessary, cannot be considered reversible error.

Civil Rule 60(b)(2).

Mr. Lee was entitled to relief from the order granting the RFS Motion under Civil Rule 60(b)(2) if he could demonstrate that there was "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Civil] Rule 59." Under Ninth Circuit case law, to prevail under Civil Rule 60(b)(2), Mr. Lee was required to show: that the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Civil Rule 60(b), that he exercised due diligence to discover the evidence, and that the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case." Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003)(citations omitted).

The bankruptcy court found that the only allegation in the Reconsideration Motion that could possibly be construed as relating to "new discovered evidence" was Mr. Lee's contention that the bankruptcy court used research attorneys to assist in making its judicial rulings. However, as articulated by the bankruptcy court, this is merely a conclusory statement in Mr. Lee's declaration for which no evidentiary support is provided or even suggested. On appeal, Mr. Lee has provided no record to support his contention that the bankruptcy court improperly delegated to others its decision making role. The

-18-

bankruptcy court correctly concluded that Mr. Lee did not meet his burden to establish that the alleged "newly discovered evidence" supported his request for relief from the order granting the RFS Motion.

Civil Rule 60(b)(6).

As noted by the bankruptcy court, relief under Civil Rule 60(b)(6) for "any other reason that justifies relief" is an equitable remedy to prevent manifest injustice which should be used sparingly. Lal v. Cal., 601 F.3d 518, 524 (9th Cir. 2010). In order to demonstrate his entitlement to relief under Civil Rule 60(b)(6), Mr. Lee was required to demonstrate that extraordinary circumstances prevented him from prosecuting his opposition to the RFS Motion. Id. In the Reconsideration Motion, Mr. Lee did not argue he was prevented from prosecuting his opposition. Instead, he merely restated his arguments raised in the original proceedings.

Mr. Lee did not meet his burden to support relief under Civil Rule 60(b)(6).

2. The bankruptcy court incorrectly determined that Rule 59(e) did not apply to the Reconsideration Motion.

The bankruptcy court determined that Civil Rule 59(e) did not apply, where the Reconsideration Motion was filed on May 26, 2015, a date which was 15 days after entry of the order granting the RFS Motion.

Rules 9006(a)(1) and (a)(6) articulate the methodology for calculating the deadline for Mr. Lee to file a Civil Rule 59(e) motion. Rule 9006(a)(1) provides:

When the period is stated in days . . . :

-19-

(A) exclude the day of the event that triggers the period;
(B) count every day, include intermediate Saturday, Sundays, and legal holidays; and
(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Rule 9006(a)(6)(A) defines Memorial Day as a legal holiday for purposes of computing time.

Thus, while the bankruptcy court was correct in identifying the relevant dates, it did not take into account that the fourteenth day following the entry of the order granting the RFS Motion was Memorial Day. However, any resulting error was harmless because the findings made under the bankruptcy court's Civil Rule 60(b) analysis adequately support a denial of the Reconsideration Motion under Civil Rule 59(e).

As stated above, to prevail on the Reconsideration Motion under Civil Rule 59(e), Mr. Lee needed to present the bankruptcy court with newly discovered evidence, demonstrate that the bankruptcy court committed clear error in granting the RFS Motion (or that its decision to do so was manifestly unjust), or establish that there was an intervening change in controlling law.

The bankruptcy court determined that the only new point raised in the Reconsideration Motion was a mere allegation that the bankruptcy court used research attorneys in making judicial decisions. This allegation no more constitutes "newly discovered evidence" under Civil Rule 59(e) than it did under Civil Rule 60(b).

Similarly, the bankruptcy court's findings with respect to

-20-

Civil Rule 60(b) addressed and rejected the assertions made by Mr. Lee that the entry of the order granting the RFS Motion constituted "manifest injustice," because he might become homeless.

Finally, it is clear on the face of the Reconsideration Motion that Mr. Lee alleged no intervening change in controlling law that might support relief from the order granting the RFS Motion.

3. The bankruptcy court did not abuse its discretion in denying the AP Reconsideration Motion.

Civil Rule 59(e)

The bankruptcy court found that, again, the only allegation in the AP Reconsideration Motion that could possibly be construed as relating to "new discovered evidence" for purposes of relief under Civil Rule 59(e) was Mr. Lee's contention that the bankruptcy court used research attorneys to assist in making its judicial rulings. And again, the bankruptcy court determined that this merely conclusory statement lacked evidentiary support. The record on appeal similarly is devoid of evidence that the bankruptcy court improperly delegated to others its decision making role. The bankruptcy court correctly concluded that Mr. Lee did not meet his burden to establish that the alleged "newly discovered evidence" supported his request for relief from the Dismissal Order.

The bankruptcy court made no further findings in connection with Civil Rule 59(e). However, in its discussion of Civil Rule 60(b)(6) (as analyzed below), the bankruptcy court implicitly found that no manifest injustice was present to

-21-

require granting reconsideration as an equitable remedy, and Mr. Lee did not assert any intervening change in the law.

We therefore agree with the bankruptcy court that Mr. Lee did not meet his burden to prove that he was entitled to relief from the Dismissal Order under Civil Rule 59(e).

Civil Rule 60(b)

As with the Reconsideration Motion above, we consider relevant to this appeal those provisions of Civil Rule 60(b) that allow for reconsideration of an order upon a showing of mistake, surprise, or excusable neglect; newly discovered evidence; or extraordinary circumstances.

a.   Civil Rule 60(b)(1) - excusable neglect

While Civil Rule 60(b)(1) authorizes relief from a final order, the entry of which resulted from "excusable neglect," the AP Reconsideration Motion did not raise an issue under Civil Rule 60(b)(1) that the bankruptcy court was required to decide. Nowhere in the AP Reconsideration Motion does Mr. Lee assert that his neglect resulted in the entry of the Dismissal Order. In these circumstances, the bankruptcy court's determination that Mr. Lee had not met the standards for demonstrating excusable neglect, while not necessary, cannot be considered reversible error.

b.   Civil Rule 60(b)(2) - newly discovered evidence

Yet again, the only purported "newly discovered evidence" raised in the AP Reconsideration Motion was the allegation that the bankruptcy court used research attorneys in conjunction with making judicial decisions. This allegation no more constitutes "newly discovered evidence" under Civil Rule 60(b) than it did

-22-

under Civil Rule 59(e).

          c.   Civil Rule 60(b)(6) - manifest injustice

To avail himself of Civil Rule 60(b)(6) as an equitable remedy to prevent "manifest injustice," Mr. Lee was required to demonstrate that extraordinary circumstances prevented him from effectively opposing the Dismissal Motion. This he did not do.

Mr. Lee did not meet his burden to support relief under Civil Rule 60(b)(6).

B.   The Underlying Substantive Motions.

Generally, following the determination of a postjudgment tolling motion, a party may seek review of both the order disposing of the tolling motion and of the underlying judgment. The notice of appeal should specify all orders from which review is sought. Lolli v. County of Orange, 351 F.3d 410, 414 (9th Cir. 2003). However, the Ninth Circuit has held that a mistake in designating the judgment or order appealed from should not bar the appeal if the intent to appeal a specific order can be fairly inferred and the Appellee is not prejudiced by the mistake. Id.

1.   BAP No. 15-1240: The RFS Motion

Mr. Lee did not identify the order granting the RFS Motion in his notice of appeal. He identified only the order denying the Reconsideration Motion. While he explicitly states in his opening brief that he is appealing only the order denying the Reconsideration Motion, his stated issues on appeal suggest that what he actually is seeking is relief from the order granting the RFS Motion. Further, the discussion in his opening brief challenges the bankruptcy court's determinations regarding the Bank's standing and his "bad faith" in filing the Petition.

These are the determinations upon which the order granting the RFS Motion was granted.

Even the Bank must concede that Mr. Lee's intent to appeal the order granting the RFS Motion can be "fairly inferred" by the issues Mr. Lee raised on appeal and in his opening brief. While the Bank stresses in its brief on appeal that the only order appealed from was that denying the Reconsideration Motion, it nevertheless, in an effort to meet Mr. Lee's arguments on appeal, included a substantial discussion as to why the bankruptcy court correctly entered the order granting the RFS Motion. Because the Bank availed itself of the opportunity to address Mr. Lee's issues on appeal in the context of asserting that entry of the order granting the RFS Motion was appropriate, no prejudice will be created by this Panel's review of the underlying substantive order.

As we note in the Factual Background above, the bankruptcy court held hearings on the RFS Motion on April 1, 2015, and on May 6, 2015, but Mr. Lee took no action to ensure that transcripts for these hearings would be available for our review. The bankruptcy court made no tentative ruling on the RFS Motion other than to advise the parties that appearances were required. We therefore do not know what took place at the hearings.

The order granting the RFS Motion was entered on a generic form. The checked boxes indicate the bankruptcy court granted the RFS Motion under §§ 362(d)(1), (d)(2) and (d)(4), and, in support of the § 362(d)(4) relief, a checked box indicates that the Petition was part of a scheme to hinder, delay, or defraud the Bank that involved the transfer of part ownership of the

-24-

Fullerton Property without the Bank's consent or court approval.

Mr. Lee asserts on appeal that the bankruptcy court erred in granting the RFS Motion by reading § 362 too narrowly. He does not articulate in what particulars the bankruptcy court erred, and we will not speculate.

Mr. Lee also appears to challenge the grant of relief under § 362(d)(4), asserting that the bankruptcy court did not consider his contention that the Petition was not filed in bad faith. We are unable to discern what the bankruptcy court did or did not consider without the transcripts that Mr. Lee failed to provide.

Finally, Mr. Lee asserts that the bankruptcy court erred when it decided the RFS Motion while the Adversary Proceeding was pending. The order granting the RFS Motion contains no findings. We will not assume that the bankruptcy court did not make oral findings to support the entry of the order. However, we are without the ability to review what oral findings the bankruptcy court may have made in the absence of transcripts. In any event, shortly after the order granting the RFS Motion was entered, the bankruptcy court dismissed the Adversary Proceeding. In light of our resolution in the appeal from that dismissal, this argument is moot.

2. BAP No. 15-1272: The Dismissal Order

Mr. Lee identified only the order denying the AP Reconsideration Motion in his notice of appeal. While he did not identify the Dismissal Order, he did refer to a "Motion to Dismiss Adversary Complaint." While the Bank again stressed in its brief on appeal that the only order appealed from was that denying the Reconsideration Motion, it nevertheless, in an effort

to meet Mr. Lee's arguments on appeal, addressed issues raised by Mr. Lee with respect to the dismissal of the Adversary Proceeding. Because the Bank availed itself of the opportunity to address Mr. Lee's issues on appeal in the context of asserting that entry of the Dismissal Order was appropriate, no prejudice will be created by this Panel reviewing the underlying substantive order.

The bankruptcy court held hearings on the Dismissal Motion and on the AP Reconsideration Motion. As noted in the Factual Background above, Mr. Lee took no action to make the transcripts for these hearings available for our review. We therefore have no ability to determine which arguments outside of the written record the parties may have presented to the bankruptcy court.

In his brief on appeal, Mr. Lee appears to assert error on the part of the bankruptcy court in dismissing the Adversary Proceeding as to parties other than the Bank, and in dismissing the Adversary Proceeding with prejudice.

To the extent Mr. Lee intends this Panel to consider whether the bankruptcy court improperly granted the Dismissal Motion rather than the Lee Motion, which was limited to dismissal of the Bank, we are hampered in our review by the absence of hearing transcripts. Nothing in the record before us reflects that issues related to the Lee Motion were argued either at the hearing on the Dismissal Motion or at the hearing on the Reconsideration Motion. Further, we note that Mr. Lee did not serve his notice of appeal on any party other than the Bank. We therefore decline his invitation to address this issue.

As to the second issue, Mr. Lee suggests that the bankruptcy

-26-

court dismissed the Adversary Proceeding with prejudice as a sanction. Nothing in the record before us reflects that Mr. Lee raised the issue of Rule 9011 or any other sanctions with the bankruptcy court in the first instance. We therefore decline to consider it now.

## VI. CONCLUSION

The bankruptcy court did not abuse its discretion when it denied the Reconsideration Motion and the AP Reconsideration Motion. We have an inadequate record from which to review the order granting the RFS Motion and the Dismissal Order.

We AFFIRM the bankruptcy court's orders in appeal BAP No. 15-1240 and in appeal BAP No. 15-1272.