NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ALVAREZ-AYALA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3249

Agency No.
A088-521-918

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2025**
Seattle, Washington

Before: GOULD and DE ALBA, Circuit Judges, and PITMAN, District Judge.***

Petitioner Jose Alvarez-Ayala ("Alvarez-Ayala") petitions our Court to vacate

the Executive Office of Immigration Review ("EOIR") Immigration Judge's ("IJ")

decision affirming the Department of Homeland Security ("DHS") asylum officer's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert Pitman, United States District Judge for the
Western District of Texas, sitting by designation.

negative reasonable fear of persecution and torture determinations. Petitioner argues that he was denied due process by the reviewing IJ based on her failure to independently review the record. Petitioner also argues that the IJ's affirmance of the asylum officer's negative reasonable fear of persecution and torture determinations are not supported by substantial evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252 and grant the petition, vacate the IJ's May 21, 2024 order in part, and remand to the EOIR for the reasons below.

Applicants for withholding of removal based upon a reasonable fear of persecution or torture are entitled to *de novo* review of an asylum officer's initial negative reasonable fear determination. *See, e.g.*, *Bartolome v. Sessions*, 904 F.3d 803, 812 (9th Cir. 2018); *Zuniga v. Barr*, 946 F.3d 464, 467 (9th Cir. 2019) (*per curiam*) (as amended). An IJ reviewing an asylum officer's initial determinations *de novo* must "freely consider[] the matter anew, as if no decision had been rendered below." *Bartolome*, 904 F.3d at 812 (quoting *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009)). If there is a due process violation and "plausible scenarios [exist] in which the outcome of the proceedings would have been different if a more elaborate process were provided," the applicant is entitled to relief. *See Tamayo-Tamayo v. Holder*, 725 F.3d 950, 954 (9th Cir. 2013) (internal quotations and citation omitted).

The IJ here merely "rubber stamped" the asylum officer's initial

determination by copying and pasting the asylum officer's rationale verbatim into her order, adding almost no further analysis. Despite the IJ's statement at the hearing that she had "reviewed the materials," the IJ's wholesale copying and pasting of the asylum officer's reasoning indicates that the IJ did not independently review Alvarez-Ayala's case *de novo*. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (explaining that where "the record . . . indicates a failure to consider all the evidence," reviewing courts cannot take statements that judges reviewed all the evidence as fact). The rationale contained in the IJ's order is nearly word for word the rationale contained in the asylum officer's initial determination. Despite accepting the 2023 El Salvador Country Conditions Report into evidence, there is no indication that the IJ considered this material because she used the same rationale as the asylum officer who never had reviewed this piece of evidence.

The IJ's denial of Alvarez-Ayala's right to *de novo* review of the asylum officer's initial negative reasonable fear of torture determination prejudiced Alvarez-Ayala. An applicant need only establish a ten percent or greater chance of being tortured upon return to their home country to pass a reasonable fear screening interview. *See Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195-96 (9th Cir. 2021). A non-citizen's own credible statements can "satisfy[] the ten percent threshold." *Id.* at 1197. Reasonable fear interviews are not on the merits and are used "simply to screen out frivolous claims." *Id.* at 1196. An IJ reviewing the record

*de novo* could plausibly find Alvarez-Ayala faces a ten percent or greater chance of being tortured upon his return to El Salvador.  Such a finding is plausible but is not compelled by the record evidence, so rather than reverse for clear error, we remand to the EOIR for a *de novo* determination on this point based upon the due process violation.

The due process violation did not prejudice Alvarez-Ayala on his reasonable fear of persecution claim.  An individual establishes a reasonable fear of persecution by showing there is "a reasonable possibility that [they] would be persecuted on account of . . . race, religion, nationality, *membership in a particular social group or political opinion*."  8 C.F.R. § 208.31(c) (emphasis added).  To be a cognizable social group, the group must be discrete and have definable boundaries.  *See Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016).  The petitioner must show the purported social group (1) has defining characteristics that are immutable, (2) can be identified with particularity, and (3) are understood to be distinct within their society.  *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 897 (9th Cir. 2021) (internal citations omitted).  This inquiry "is not . . . assessed from the perspective of the persecutors," but from the perspective of El Salvador society.  *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020).

While "persons who are incorrectly perceived to be gang members" may constitute a cognizable social group, *Vasquez-Rodriguez*, 7 F.4th at 898, the

"applicant bears the burden to demonstrate that the proposed country of removal recognizes the group in question," *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200 (9th Cir. 2023). Alvarez-Ayala fails to meet that burden. He offers evidence only of how police and gang members, his would-be persecutors, view perceived gang members and members of his colony. But he offers no evidence that Salvadoran society views these groups as sufficiently distinct to make them cognizable social groups. For that reason, it is not plausible that the IJ would have found Alvarez-Ayala established a reasonable fear of persecution but for the due process violation. So, that claim was not prejudiced by the violation.

In sum, the IJ's lack of *de novo* review of the asylum officer's initial determinations violated Alvarez-Ayala's due process rights. It is plausible that but for the due process violation, Alvarez-Ayala may have advanced past the screening stage on his reasonable fear of torture claim, but because of Alvarez-Ayala's inadequate showing he is in a cognizable social group, it is not plausible he would have advanced on his reasonable fear of persecution claim. We VACATE only the IJ's negative reasonable fear of torture determination and REMAND for *de novo* review of the asylum officer's initial determination on that point.

**PETITION GRANTED; VACATED IN PART AND REMANDED**.